**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **PARALLEL IRON, LLC**<br><br>                          **Plaintiff,**<br><br>       **v.**<br><br>**ACCELA COMMUNICATIONS, INC.,**<br>**AOL, INC.,**<br>**CLICK FORENSICS, INC.,**<br>**CONTEXTWEB, INC.,**<br>**INTERNATIONAL BUSINESS**<br>**MACHINES CORPORATION, AND**<br>**POTOMAC FUSION, INC.**<br><br>                          **Defendants.** | <br><br><br><br><br><br><br><br>**Civil Action No. _____**<br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Parallel Iron, LLC, ("Parallel Iron") files this complaint for patent infringement against Defendants, Accela Communications, Inc., AOL, Inc., Click Forensics, Inc., CONTEXTWEB, Inc., International Business Machines Corporation, and Potomac Fusion, Inc. (collectively the "Defendants"):

## PARTIES

1.      Plaintiff Parallel Iron is a Texas limited liability company.

2.      On information and belief, Defendant Accela Communications, Inc. ("Accela") is a Massachusetts corporation with its principal place of business at 136 Turnpike Road Southborough, MA 01772.

3.      On information and belief, Defendant AOL, Inc. ("AOL") is a Delaware corporation with its principal place of business at 770 Broadway, New York, NY 10003.

4.      On information and belief, Defendant Click Forensics, Inc. ("Click Forensics") is a Delaware corporation with its principal place of business at 4301 Westbank Dr., Building A, Ste. 100, Austin, TX 78746.

5.      On information and belief, Defendant CONTEXTWEB, Inc. ("CONTEXTWEB") is a Delaware corporation with its principal place of business at 22 Cortland Street 9th Floor, New York, NY 10007.

6.      On information and belief, Defendant International Business Machines Corporation ("IBM") is a New York corporation with its principal place of business at 1 New Orchard Road, Armonk, NY 10504.

7.      On information and belief, Defendant Potomac Fusion, Inc.("Potomac") is a Delaware corporation with its principal place of business at 1515 S. Capital of Texas Hwy, Suite 500, Austin, TX 78746.

## JURISDICTION AND VENUE

8.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9.      Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each of the Defendants has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

10.      On information and belief, each of the Defendants is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other

persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## FACTUAL BACKGROUND

11.     In this technological age, we take for granted the ability to access tremendous amounts of data through our computers and the Internet, a process that seems effortless and unremarkable.   But this apparent effortlessness is an illusion, made possible only by technological wizardry.   The amount of information that is used by many companies has outstripped the storage capacity of individual memory devices.   The information must be stored across hundreds or thousands of machines.   The ability to keep track of information as it is distributed across numerous machines, while still allowing users to retrieve it seamlessly upon request, is a feat that was impossible until recently in history. It is a feat that was made possible by the innovations of technological pioneers like Jamie Bullen, Steve Dodd, Bill Lynch, and Dave Herbison.

12.     Bullen, Dodd, Lynch and Herbison worked as engineers for a company that dedicated itself to solving the difficult problems that limited the capacity of technology and the Internet, particularly problems concerning data storage.   These engineers found innovative solutions for these problems and patented several technologies for data storage, including the one at issue in this case.  Many of the computer memory feats we take for granted today are possible because of the data-storage inventions of Bullen, Dodd, Lynch and Herbison.

13.     One of their inventions created a new way of storing massive amounts of information across multiple memory devices that allows the storage system to track the information and quickly retrieve it.  In 2002, they applied for a patent on this invention, which the United States Patent Office issued in 2008 as U.S. Patent No. 7,415,565.  They assigned the invention to the company for which they worked.

14.     The Defendants are technology companies that have been using Bullen, Dodd, Lynch and Herbison's invention, benefiting from the hard work of these engineers, without their knowledge or consent, and without compensating them or their company.

15.     The inventors' company formed a subsidiary, Parallel Iron, LLC and assigned it the '565 patent.  Parallel Iron caused letters to be sent to each of the Defendants, telling them that they were violating another company's intellectual property, and inviting them to discuss taking a license to use the invention.  Parallel Iron tried to work out a solution with the Defendants that would have avoided the need for this lawsuit

16.     The Defendants rejected Parallel Iron's invitation to work out these issues amicably.  Instead, the Defendants want to continue using and profiting from the invention for free.  As a result, Parallel Iron has been forced to file this lawsuit to enforce its rights and vindicate the hard work of the engineers that created this valuable technology.

## CAUSES OF ACTION

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,415,565

17.     Parallel Iron alleges and incorporates by reference paragraphs 1-15 above.

18.     Parallel Iron is the owner by assignment of United States Patent No. 7,415,565 (the "'565 patent") entitled "Methods and Systems for a Storage System With a Program-Controlled Switch for Routing Data."  The '565 patent was duly and legally issued by the United States Patent and Trademark Office on August 19, 2008.  A true and correct copy of the '565 patent is attached as Exhibit A.

19.     Upon information and belief, Defendant Accela has infringed and continues to infringe the '565 patent in the State of Texas, in this judicial district, and elsewhere in the United

States, by, among other things, making, using, importing, offering for sale and/or selling a file storage system, which is covered by one or more claims of the '565 patent.  By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '565 patent, Accela has injured Plaintiff and is thus liable to Plaintiff for infringement of the '565 patent pursuant to 35 U.S.C. §271.

20.     Upon information and belief, Defendant AOL has infringed and continues to infringe the '565 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale and/or selling a file storage system, which is covered by one or more claims of the '565 patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '565 patent, AOL has injured Plaintiff and is thus liable to Plaintiff for infringement of the '565 patent pursuant to 35 U.S.C. §271.

21.     Upon information and belief, Defendant Click Forensics has infringed and continues to infringe the '565 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale and/or selling a file storage system, which is covered by one or more claims of the '565 patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '565 patent, Click Forensics has injured Plaintiff and is thus liable to Plaintiff for infringement of the '565 patent pursuant to 35 U.S.C. §271.

22.     Upon information and belief, Defendant CONTEXTWEB has infringed and continues to infringe the '565 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale and/or

selling a file storage system, which is covered by one or more claims of the '565 patent.   By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '565 patent, CONTEXTWEB has injured Plaintiff and is thus liable to Plaintiff for infringement of the '565 patent pursuant to 35 U.S.C. §271.

23.     Upon information and belief, Defendant IBM has infringed and continues to infringe the '565 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale and/or selling a file storage system, which is covered by one or more claims of the '565 patent.   By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '565 patent, IBM has injured Plaintiff and is thus liable to Plaintiff for infringement of the '565 patent pursuant to 35 U.S.C. §271.

24.     Upon information and belief, Defendant Potomac has infringed and continues to infringe the '565 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale and/or selling a file storage system, which is covered by one or more claims of the '565 patent.   By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '565 patent, Potomac has injured Plaintiff and is thus liable to Plaintiff for infringement of the '565 patent pursuant to 35 U.S.C. §271.

25.     As a result of these Defendants' infringement of the '565 patent, Parallel Iron has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the Defendants' use of the invention, together

with interest and costs as fixed by the Court.  Parallel Iron will continue to suffer these monetary damages in the future unless Defendants' infringing activities are enjoined by this Court.

26.     Parallel Iron will be greatly and irreparably harmed unless this Court issues a permanent injunction enjoining the infringement of '565 patent by these Defendants and officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others who are in active concert or participation with them.

## PRAYER FOR RELIEF

For the above reasons, Parallel Iron respectfully requests that this Court enter:

1.     A judgment in favor of Parallel Iron that Defendants have infringed, directly and jointly, the '565 patent;

2.     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing, inducing the infringement of, or contributing to the infringement of the '565 patent;

3.     A judgment and order requiring Defendants to pay Parallel Iron its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '565 patent as provided under 35 U.S.C. § 284; and

4.     Any and all other relief to which Plaintiff Parallel Iron may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff Parallel Iron, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: January 19, 2011

Respectfully submitted,

**SNR DENTON US LLP**

By: */s/Basheer Y. Ghorayeb*
    Matthew D. Orwig
    State Bar No. 15325300
    matthew.orwig@snrdenton.com
    Basheer Y. Ghorayeb
    State Bar No. 24027392
    basheer.ghorayeb@snrdenton.com
    2000 McKinney Avenue
    Suite 1900
    Dallas, TX 75201-1858, USA
    T: (214) 259-0900
    F: (214) 259-0910

    Mark L. Hogge
    mark.hogge@snrdenton.com
    Shailendra Maheshwari
    shailendra.maheshwari@snrdenton.com
    1301 K Street, N.W.
    Suite 600, East Tower
    Washington, DC 20005-3364, USA
    T +1 202 408 6400
    F +1 202 408 6399

**ATTORNEYS FOR PLAINTIFF**
**PARALLEL IRON, LLC**

14922515\V-1